# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Ramzu Yunus,

          Plaintiff,        Case No. 18-cv-12384

v.                                   Judith E. Levy
                                   United States District Judge

Detroit Police Department, *et al.*,

                                   Mag. Judge Anthony P. Patti

         Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT [1]

Plaintiff filed a complaint on August 1, 2018, bringing claims under 42 U.S.C. § 1983 for violation of his right to peaceful assembly and to petition the government. (Dkt. 1.) He also filed a petition to proceed *in forma pauperis*. (Dkt. 2.) The complaint brings claims against the Detroit Police Department, the Office of the City Council President, Fox 2 News, and WXYZ Channel 7 News.

Plaintiff alleges that he and others were prevented from assembling at Detroit City Hall "to petition and instruct the government . . . to install an independent city council to control city affairs." (Dkt. 1 at 7.) Plaintiff

alleges that he sought an independent city council to "give abandoned homes to all who needed them." (*Id.*) A screenshot attached to the complaint indicates plaintiff advertised his gathering at City Hall as "Detroit is giving away free homes. You have to sign up online at www.detroitfreehomes.info." (*Id.* at 8.) The complaint goes on to allege that City Hall staff turned people away when they arrived for this event, calling it a scam. (*Id.* at 7.) By turning away those who arrived for the event, according to plaintiff, City Hall staff "destroyed any possibility of a successful assembly and petition," and caused $40 billion in damages. (*Id.* at 5.)

## I. Proceeding *In Forma Pauperis*

28 U.S.C. § 1915(a) allows a district court to permit a plaintiff to commence an action "without prepayment of fees" if that plaintiff is indigent and "submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *Id.*

Plaintiff's application to proceed *in forma pauperis* "contains allegations of poverty sufficient to allow [him] to proceed without prepayment of costs." *Id.* at 262.

## II. Sufficiency of Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the Court "shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." Plaintiff's complaint fails to state a claim on which relief may be granted for two reasons.

First, plaintiff's claims against Fox 2 News and WXYZ Channel 7 News must be dismissed because those defendants did not "act[] under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "Although a private person may cause a deprivation of [a constitutional] right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). To this end, a § 1983 plaintiff "must establish not only that [the defendant] acted under color of the challenged statute, but also that its actions are properly attributable to the [government]." *Id.*

Plaintiff makes no allegation that either Fox 2 News or WXYZ Channel 7's "action are properly attributable to the [government]." *See id.* The only allegations against those two entities are that WXYZ Channel 7 "broadcast[ed] untruths about the event" and Fox 2 News "encourag[ed] people to leave saying this assembly was a scam." (Dkt. 1 at 7.) Such allegations make no reference to government action, and, accordingly, do not state a claim upon which relief can be granted.

Second, plaintiff's claims against the Detroit Police Department and the Office of the City Council President must be dismissed because he does not have standing to bring them. A plaintiff may only bring a federal action if he "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations removed). The standing inquiry also requires that injury to have been caused by the defendant and be such that a favorable decision by the court could redress it. *Id.*

Here, plaintiff has not alleged an injury that is "concrete and particularized." *See id.* Plaintiff alleges that he was injured because defendants' actions in disrupting his assembly "destroyed any possibility

4

of a successful assembly and petition that would have positively affected the lives of many people." (Dkt. 1 at 5.)[1] This is the very sort of "conjectural" or "hypothetical" injury that does not rise to the level of a federal court case. The Sixth Circuit has explained, with respect to other First Amendment rights, that "absent proof of a concrete harm, where a First Amendment plaintiff only alleges inhibition of speech, the federal courts routinely hold that no standing exists." *Morrison v. Bd. of Educ. of Boyd Cty.*, 521 F.3d 602, 609 (6th Cir. 2008). Similarly, here, plaintiff does not allege a harm other than an inhibition of assembly and petition. Without "proof of a concrete harm," plaintiff's alleged injury is too hypothetical to confer standing, and, thus, plaintiff has not stated a claim upon which relief may be granted.

For the reasons set forth above, plaintiff's case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: August 14, 2018       s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
     United States District Judge

---

[1] Plaintiff also alleges that defendants "defamed the characters of the organizers," but plaintiff does not bring a claim for defamation.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2018.

s/Shawna Burns
SHAWNA BURNS
Case Manager
